**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3688-16T2

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

ABDUL ROWELLS,

     Defendant-Appellant.

_____

> Submitted August 30, 2018 – Decided September 26, 2018
>
> Before Judges Rothstadt and DeAlmeida.
>
> On appeal from Superior Court of New Jersey, Law Division, Essex County, Indictment No. 13-07-1572.
>
> Joseph E. Krakora, Public Defender, attorney for appellant (Adam W. Toraya, Designated Counsel, on the brief).
>
> Robert D. Laurino, Acting Essex County Prosecutor, attorney for respondent (Lucille M. Rosano, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant, Abdul Rowells, appeals from the denial of his petition for post-conviction relief (PCR) without an evidentiary hearing. For the reasons that follow, we affirm.

Defendant pled guilty to first-degree robbery, N.J.S.A. 2C:15-1, second-degree burglary, N.J.S.A. 2C:18-2(b)(1), and first-degree attempted murder of a police officer, N.J.S.A. 2C:5-1 and 2C:11-3. On April 22, 2014, the sentencing court imposed an aggregate sentence in accordance with defendant's plea agreement of twenty years subject to an eighty-five percent parole disqualifier under the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2.

Defendant filed a direct appeal, arguing only that his sentence was excessive. An excessive sentencing panel affirmed his sentence. State v. Rowells, No. A-1963-14 (App. Div. June 1, 2015). The Supreme Court denied defendant's petition for certification. State v. Rowells, 223 N.J. 282 (2015).

The facts underlying defendant's convictions are not pertinent to his present appeal. Suffice it to say, they stem from defendant entering an apartment building with a handgun, robbing two victims, and holding one victim hostage until she managed to escape. When the police arrived and an officer entered the apartment, defendant fired his gun at him, but missed. In response, the officer

fired his gun and struck defendant in the shoulder, at which point defendant was taken into custody.

Defendant filed his first PCR petition on June 8, 2016, arguing that he received ineffective assistance of counsel because his attorney "didn't give [him] the proper guidance, or advise [him] with any hospital/medical reports indicating . . . how [he] was being convicted of attempted murder when [he] wasn't attempting to harm or murder anyone[.]" PCR counsel submitted a brief and certification from defendant in November 2016. In his certification, defendant stated that his attorney failed to explain how his jail credits and future credits would be applied toward his parole ineligibility date and how the NERA and Graves Act[1] forms applied to his case before being told to sign them. He further stated that he would not have accepted the plea offer had the terms been fully explained by his attorney. In the brief, defendant contended that his attorney was ineffective because he failed to "appropriately advise[] defendant on his parole ineligibility term" and that he was entitled to an evidentiary hearing on his PCR petition.

After considering the parties' oral arguments, Judge Ronald D. Wigler denied defendant's petition by order dated February 3, 2017, for reasons set forth

---

[1] N.J.S.A. 2C:43-6(c).

A-3688-16T2

on the record in an oral decision and in an accompanying eleven-page written statement of reasons dated the same day. In his oral decision, Judge Wigler addressed defendant's argument that plea counsel was ineffective by failing to inform defendant of the terms of his guilty plea. The judge recounted that during the plea proceeding, the plea court asked defendant a series of questions while he was under oath to ensure he understood the purpose and the gravity of the proceedings. Among the plea court's questions, defendant was asked if he had reviewed all the information contained in the plea form with his attorney, including the supplemental forms, to which the defendant replied, "yeah." At the hearing, defendant also confirmed that he was "satisfied with his [attorney's] services." After the plea court explained the details of the plea agreement to defendant, including the parole ineligibility period, he never indicated that he did not understand it or that his attorney failed to adequately explain any information about the plea. Judge Wigler concluded that defendant's PCR arguments were therefore belied by the record of his plea hearing.

In his eleven-page written decision, Judge Wigler found that defendant failed to satisfy the two-prong test under Strickland v. Washington, 466 U.S. 668, 687 (1984), because defendant never stated during the plea proceedings that he did not understand the terms of the plea agreement or that his attorney

failed to adequately explain any information to him. Further, he acknowledged that he understood the agreement both during his plea hearing and by way of his signature on the supplemental NERA and Graves Act forms. Moreover, defendant did not make a showing that, if he had fully understood the terms of his parole ineligibility period, he would have elected not to accept the plea agreement. Rather, the record demonstrated that he willingly accepted it. Therefore, the judge concluded that because defendant failed to demonstrate that he received ineffective assistance of counsel, he failed to establish a prima facie claim that warranted an evidentiary hearing under State v. Preciose, 129 N.J. 451, 462-63 (1992). This appeal followed.

On appeal, defendant presents the following issue for our consideration:

> POINT I
>
> THE TRIAL COURT ERRED IN DENYING THE DEFENDANT'S PETITION FOR POST CONVICTION RELIEF WITHOUT AFFORDING HIM AN EVIDENTIARY HEARING TO FULLY ADDRESS HIS CONTENTION THAT HE FAILED TO RECEIVE ADEQUATE LEGAL REPRESENTATION AT THE TRIAL LEVEL.

Specifically, defendant claims his attorney failed to advise him of the parole disqualifier component of his plea and to fully explain its consequences.

He argues that although he signed and initialed the plea forms that contained the consequences of parole ineligibility, it was never explained to him. Further, defendant argues that because the PCR court did not conduct an evidentiary hearing, he was denied the opportunity to establish his ineffective assistance of counsel claim.

We are not persuaded by any of these arguments and affirm, substantially for the reasons expressed by Judge Wigler in his thorough oral and written decisions. We add only the following comments.

The standard for determining whether counsel's performance was ineffective for purposes of the Sixth Amendment was formulated in Strickland, 466 U.S. at 687, and adopted by our Supreme Court in State v. Fritz, l05 N.J. 42, 49 (1987). In order to prevail on a claim of ineffective assistance of counsel, defendant must meet the two-prong test of establishing both that: (l) counsel's performance was deficient and he or she made errors that were so egregious that counsel was not functioning effectively as guaranteed by the Sixth Amendment to the United States Constitution; and (2) the defect in performance prejudiced defendant's rights to a fair trial such that there exists a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 687, 694.

This two-prong analysis applies equally to convictions after a trial or after a defendant pleads guilty. In the context of a PCR petition challenging a guilty plea, the first <u>Strickland</u> prong is satisfied when a defendant establishes a reasonable probability he or she would not have pled guilty but for counsel's errors. <u>State v. Gaitan</u>, 209 N.J. 339, 351 (2012). The second prong is met when a defendant establishes a reasonable probability he or she would have insisted on going to trial. <u>Ibid.</u> "When a defendant has entered into a plea agreement, a deficiency is prejudicial if there is a reasonable probability that, but for counsel's errors, the defendant would not have decided to forego the plea agreement and would have gone to trial." <u>State v. McDonald</u>, 211 N.J. 4, 30 (2012) (citing <u>Hill v. Lockhart</u>, 474 U.S. 52 (1985); <u>State v. Nuñez-Valdéz</u>, 200 N.J. 129, 139 (2009)).

The mere raising of a claim for PCR does not entitle the defendant to an evidentiary hearing. <u>See</u> <u>State v. Cummings</u>, 321 N.J. Super. 154, 170 (App. Div. 1999). When determining whether to grant an evidentiary hearing, the PCR court must consider the facts in the light most favorable to the defendant to determine if a defendant has established a prima facie claim. <u>Preciose</u>, 129 N.J. at 462-63. It follows that a "defendant must allege specific facts and evidence supporting his allegations," <u>State v. Porter</u>, 216 N.J. 343, 355 (2013), and "must

do more than make bold assertions that he was denied the effective assistance of counsel." Cummings, 321 N.J. Super. at 170. PCR petitions must be "accompanied by an affidavit or certification by defendant, or by others, setting forth with particularity the facts that he wished to present." State v. Jones, 219 N.J. 298, 312 (2014).

Applying these guiding principles, and considering the substantial consequences that confronted defendant if he did not accept the plea offer and did not prevail at trial, we conclude that defendant failed to make a prima facie showing of ineffectiveness of counsel within the Strickland-Fritz test. Accordingly, Judge Wigler correctly concluded that an evidentiary hearing was not warranted. See Preciose, 129 N.J. at 462-63.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3688-16T2